IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PETER BORGHERO,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA HARMON,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>1:23-CV-01504-KMW-SAK<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

This matter comes before the Court by way of the Application of *pro se* plaintiff Peter Borghero ("Plaintiff") to proceed in this matter *in forma pauperis*. Having reviewed the Plaintiff's Application, the Court finds that leave to proceed *in forma pauperis* is warranted and grants the Application. However, granting Plaintiff *in forma pauperis* status requires the Court to preliminarily review his Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). As part of this review, the Court also evaluates whether it is vested with subject matter jurisdiction over Plaintiff's claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

For the reasons set forth below, the Court finds that it lacks federal subject matter jurisdiction over Plaintiff's claims. However, although dismissal is required at this juncture, the Court will only dismiss this action without prejudice, which will permit Plaintiff to refile his Complaint in a Court of competent jurisdiction.

1)      This is a conversion action arising out of the alleged taking of Plaintiff's pets on March 2, 2023. In his Complaint, Plaintiff alleges that defendant Barbara Harmon ("Harmon")— along with her friend, Michelle Gambone—entered his hotel room in Cherry Hill, New Jersey, without his knowledge or permission, and took his dog and two cats to an "unknown location." *See* Compl. at 3.[1] Plaintiff thus seeks an order compelling Harmon to immediately return his pets to him.

2)      "Federal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). As such, federal courts may only hear and resolve claims where they invoke either (1) federal question jurisdiction, or (2) diversity of citizenship jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Here, the Court finds that neither can been demonstrated.

3)      First, there is nothing in this Complaint that implicates the Court's federal question jurisdiction. To establish federal question jurisdiction, a plaintiff must assert at least one claim that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To this end, a complaint must demonstrate "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983). However, claims for conversion, like those asserted here, are exclusively for state courts—not federal courts. *See Barco Auto Leasing Corp. v. Holt*, 548 A.2d 1161 (N.J. Super. Ct. App. Div. 1988) (defining common law conversion as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of

---

[1] Plaintiff has brought a separate suit against Ms. Gambone based on these same facts. *See Borghero v. Gambone*, 1:23-CV-01503-KMW-SAK (D.N.J.).

their condition or the exclusion of an owner's rights."); *see also LaPlace v. Briere*, 962 A.2d 1139, 1145 (N.J. Super. Ct. App. Div. 2009) (observing that animals are "chattel" subject to property rights).

4)      The Court also finds that Plaintiff's Complaint does not establish diversity of citizenship jurisdiction. Diversity of citizenship jurisdiction may be exercised over a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). Here, diversity of citizenship does not exist because Plaintiff and Harmon, according to the Complaint, are both New Jersey citizens. *See Kim v. Genesis Co., Ltd*, No. 15-8556, 2017 WL 4861669, at *3 (D.N.J. Oct. 26, 2017) (reiterating that federal district courts do not possess diversity jurisdiction where a plaintiff and a defendant are citizens of the same state). The Complaint also does not establish that Plaintiff has suffered monetary damages in excess of $75,000. Indeed, Plaintiff does not seek monetary damages at all, but rather only an order for the return of his pets.

For all of these reasons,

**IT IS** this **3rd** day of **November 2023** hereby

**ORDERED** that Plaintiffs' Application to Proceed *In Forma Pauperis* (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

/s/ Karen M. Williams
KAREN M. WILLIAMS
United States District Judge

3